**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**VOLKSWAGEN AG**
**VOLKSWAGEN OF AMERICA, INC.**

       **Plaintiffs,**           **CIVIL ACTION NO. 05-CV-72654-DT**

   **vs.**

                         **DISTRICT JUDGE DENISE PAGE HOOD**

**DORLING KINDERSLEY**
   **PUBLISHING, INC.**

                         **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendant.**
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART**
**PLAINTIFFS' MOTION TO COMPEL DISCOVERY (DOCKET # 33)**

Plaintiffs Volkswagen AG and Volkswagen of America Inc. sued Dorling Kindersley

Publishing, Inc., in part, for trademark infringement, false designation of origin,

trademark/trade dress dilution, in violation of the Lanham Act, 15 U.S.C. §§ 1114(a) and

1125(a) and (c).   Defendant asserts the affirmative defenses of laches, estoppel by

acquiescence, and First Amendment free speech.

On June 2, 2006 Plaintiffs filed a Motion to Compel Discovery (Docket # 33).

Plaintiffs also seek sanctions in the amount of reasonable costs and attorney fees pursuant

to Fed. R. Civ. P. 37(d).  Defendant responded to Plaintiffs' Motion on June 16, 2006 and

Plaintiffs replied.   District Court Judge Denise Page Hood referred said motion to the

undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).   All

parties appeared through counsel for oral arguments on August 14, 2006.  This motion is

now before this Court.

Plaintiffs seek an order compelling Defendant to produce the following seven witnesses for deposition: Mark Richards, Nicola Deschamps, Angela Anderson, Claire Patane, Carey Combe, Diane Glass and Mary Ling. Pursuant to defense counsel's instruction, Plaintiffs served defense counsel with the deposition notices as to these seven witnesses on March 20 and March 22, 2006. Plaintiffs then served amended deposition notices upon defense counsel regarding these same witnesses on May 2, 2006. Defendant has not yet produced these seven witnesses for deposition contending that Plaintiffs must either first comply with Defendant's outstanding discovery requests or take the depositions subject to certain conditions.

Federal Rules of Civil Procedure do not permit one party to make unilateral decisions regarding the timing and sequence of depositions during the discovery phase of civil litigation. *See* Fed. R. Civ. P. 26(d) ("methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, shall not operate to delay any other party's discovery."). If a party objects to the sequence and timing of any properly noticed depositions, then that party must seek a protective order pursuant to Federal Rules of Civil Procedure 26(c) asking that said depositions be prohibited or stayed until after other discovery has been presented based upon a good cause showing. Fed. R. Civ. P. 26(c).

Here, Defendant unilaterally decided to block Plaintiffs ability to take the depositions of the seven witnesses listed above based upon its belief that Plaintiffs are improperly withholding discovery. However, Defendant failed to seek a protective order as required. Furthermore, the Court finds that Defendant has not shown good cause to stay the taking of the depositions of these seven witnesses.

2

Therefore, based upon the parties pleadings, and oral arguments, and for the reasons stated herein and at the August 14, 2006 hearing, the Court hereby **GRANTS** Plaintiffs' Motion to Compel Discovery (Docket # 33).

The Court **ORDERS** Defendant to produce Mark Richards, Nicola Deschamps, Angela Anderson, Claire Patane, Carey Combe, Diane Glass and Mary Ling for the purposes of their depositions at a place and on a date and time mutually agreed upon by the parties.

The Court further **ORDERS** that the depositions at issue in this motion will be completed **on or before October 13, 2006**.

## Sanctions

Plaintiffs have also moved for sanctions in its Motion to Compel.  The Court,  in its discretion,  concludes that the facts presented on the record do not warrant the imposition of the requested sanctions.  Accordingly, Plaintiffs' request for sanction is **DENIED.**

**IT IS SO ORDERED.**

## NOTICE TO PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: August 15, 2006          s/ Mona K. Majzoub_____
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

**<u>Proof of Service</u>**

I hereby certify that a copy of this order was served upon Counsel of Record on this date.

Dated: August 15, 2006              s/ Lisa C. Bartlett_____
                                    Courtroom Deputy