UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VOLKSWAGEN AG, and VOLKSWAGEN OF AMERICA, INC.**

   **Plaintiffs,**

Case No. 05-72654

v.

HONORABLE DENISE PAGE HOOD

**DORLING KINDERSLEY PUBLISHING, INC.**

   **Defendant.**

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS**

**UNDER FED. R. CIV. P. 11**

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion for Sanctions filed on September 23, 2005. Plaintiffs filed a Memorandum in Opposition on October 11, 2006. Defendant filed a Reply on October 24, 2005.

**II. STATEMENT OF FACTS**

Defendant filed a Motion for Sanctions on September 23, 2005. Defendant moves pursuant to Fed. R. Civ. P. 11 for sanctions in the form of a dismissal of the complaint on the grounds of laches and an award of attorneys' fees and expenses. (Def.'s Mot. at 1). In the alternative, Defendant requests an order striking Plaintiffs' First, Second and Fourth Claims for Relief as to *On*

1

*the Road*."[1]  *Id.*

Defendant asserts that, although Rule 11 motions should not be undertaken lightly, in the instant case the facts have been seriously inadequately researched or suppressed by Plaintiffs and the claims for relief are groundless. *Id.* at 2. Moreover, Defendant argues that Rule 11 sanctions are appropriate because: (1) Plaintiffs' allegations of trademark infringement and requests for monetary and injunctive relief do not meet Rule 11's prefiling investigation requirements because the allegations of unauthorized trademark use are not supported by the evidence and Plaintiffs' counsel failed to uncover evidence from publicly available sources that contradicts Plaintiffs' allegations;[2] (2) Plaintiffs' claims of counterfeit and trademark infringements are frivolous and not warranted by existing law because Defendant has not used counterfeits of Plaintiffs' trademarks; and (3) Plaintiffs failed to determine that laches wholly bars Plaintiffs' case. *Id.* at 7-19.

Plaintiffs argue that Defendant's Motion should fail as an attempt to inject the Court into a premature resolution of the merits of the case. (Pls' Mem. In Opp. at 2). Plaintiffs contend that (1) the present analysis is premature at this stage in the proceedings; (2) Defendant's motion fails under the liberal standards of Rule 11; and (3) Defendant bears the burden of proof on its affirmative

---

[1] Plaintiffs' First, Second and Fourth Claims for Relief are Federal Trademark Infringement Under 15 U.S.C. § 1114, False Designation of Origin or Sponsorship and Trade Dress Infringement Under 15 U.S.C. § 1125(a) and Common Law Trademark Infringement, respectively. *On the Road* is a children's book published by Defendant, which depicts a VW NEW BEETLE. (Def.'s Mot. at 5). Defendant voluntarily recalled *On the Road* from publication on May 13, 2004 because of a concern that children could choke on the noise-making element of the book. (Def.'s Mot. at 12, Exh. 1 ¶ 8 & Exh. 5).

[2] Attorneys are obligated under Rule 11 "to conduct an appropriate investigation into the facts that is reasonable under the circumstances." *Union Planters Bank v. L & J Dev. Co., Inc.*, 115 F.3d 378, 385 (6th Cir. 1997) (quoting Fed.R.Civ.P. 11, Advisory Committee Notes (1993 Amendments)).

defenses and Plaintiffs have no obligation to disprove Defendant's affirmative defenses of laches and acquiescence. (Pls' Mem. In Opp. at 2).

### III.   APPLICABLE LAW & ANALYSIS

The Court finds that Defendant's Motion for Sanctions "in the form of a dismissal of the complaint" essentially seeks to address the merits of Plaintiffs' claims, as would be expected in a Fed.R.Civ.P 12(b)(6) motion to dismiss. (Def.'s Mot. at 1). However, in Defendant's Reply Brief, it asserts that Plaintiffs failed to respond to the Rule 11 motion and instead treated it as a motion to dismiss. (Def.'s Reply Br. at 1). In spite of these conflicting assertions, the dominant theme and the case law supporting Defendant's Motion is Rule 11. Accordingly, the Court will address this as a Rule 11 Motion for Sanctions.

>Federal Rule of Civil Procedure Rule 11(b) states, in pertinent part:
>
>By presenting to the court . . . a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

Rule 11 sanctions are appropriate where the district court determines that an attorney's conduct is not "reasonable under the circumstances." *Tahfs v. Proctor*, 316 F.3d 584, 593-95 (6th Cir. 2003). Although the central purpose of Rule 11 is to deter baseless filings in district court, Rule 11 is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. *Id.*

### A.     Rule 11's Prefiling Investigation Requirements

The essence of Defendant's first argument is that because Plaintiffs provided Defendant a VW NEW BEETLE automobile for photography, and the parties engaged in cooperative correspondence, Plaintiffs consented to Defendant's use of the VW NEW BEETLE. (Def.'s Mot. at 2-13). Defendant further argues that Plaintiffs should have discovered that aforementioned evidence does not support their allegations of unauthorized trademark, or their requested injunctive relief, and their claims are baseless. *Id.* Plaintiffs respond that they were not ignorant of such matters, but instead do not agree with Defendant's contention that they consented to use of the VW NEW BEETLE in the manner it was utilized by Defendant.

The Court finds that Plaintiffs' claims are not precluded, as a matter of law, by virtue of the parties' prior dealings. The Court finds that the Plaintiffs' legal contentions are not frivolous nor unwarranted by existing law. As such, Rule 11 sanctions are inappropriate.

### B.     Counterfeit Claim

Defendant argues that the use of an original mark, even if it is unauthorized, is not the use of a counterfeit mark, and as such, Plaintiffs' counterfeit claim is not supported in evidence. (Def.'s Mot. at 13-14). However, Plaintiffs rely on the Lanham Act definition of a "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127. Accordingly, Plaintiffs argue that Defendant's bald assertion that their use of the BEETLE was an "original mark," and thus not a counterfeit, is premature. (Pls.' Mem. In Opp. at 14-17).

The Court finds Plaintiffs' arguments persuasive. Defendant attempts to completely foreclose Plaintiffs' counterfeit claim before sufficient discovery is conducted to determine whether

Defendant was actually using an "original mark". As this is a question of fact, the Court does not find it proper to rule on whether the Defendant has used counterfeits of VW trademarks at this stage of the proceedings. The Court does not find that Plaintiffs counterfeit claim is frivolous or "not reasonable under the circumstances" as required for Rule 11 sanctions.

### C.   Laches

Defendant further argues that sanctions are warranted because the affirmative defense of laches bars Plaintiffs' claims. However, Plaintiffs assert that between 2001 and 2004, they were attempting to resolve the dispute with Defendant and this time should not count toward laches. Plaintiffs argue that there is at least room for discovery and further proceedings on the merits regarding the reasonableness of Plaintiffs' "delay". (Pl's Mem. In Opp. at 11).

Sixth Circuit precedent establishes that "a party asserting laches must show: (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting it." *Herman Miller, Inc. v. Palazzetti Imports & Exports, Inc.*, 270 F.3d 298, 320 (6th Cir. 2001). It is not unreasonable for Plaintiffs to bring a suit "and pursue a possible claim where the defendant may have a strong defense." *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790 (6th Cir. 1988). Further, "laches is not . . . a mere matter of time; but principally a question of the inequity of permitting a claim to be enforced." *Ford Motor Co. v. Catalanotte*, 342 F.3d 543, 550 (6th Cir. 2003).

In the instant case, Defendant has not demonstrated that laches clearly bars Plaintiffs' claims, as Plaintiffs have a colorable argument as to why laches is inapplicable. The Court finds that it was not unreasonable for Plaintiffs to bring suit, even in light of Defendant's affirmative defense of laches.

For the reasons set forth above, the Court finds that the Motion for Sanctions under

5

Fed.R.Civ.P. Rule 11 is DENIED. If, after further discovery Defendant finds that sanctions are still warranted, it may move the Court for such sanctions at that time. Further, if Defendant believes, in light of the evidence present upon completion of discovery, that Plaintiffs' complaint should be dismissed, in part or in whole, it may so move the Court with the appropriate motion. Accordingly,

IT IS ORDERED, that Defendant's Motion for Sanctions under Fed.R.Civ.P. Rule 11 **[Docket No. 10, file September 23, 2005]** is DENIED

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 29, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2006, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager

.